30 F.3d 133
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Linda BOEHLER, and all other individuals similarly situated,
Plaintiff-Appellant,
Phyllis Childress, and all other individuals similarly
situated, Plaintiff,
v.
CITY OF BOWLING GREEN; City of Bowling Green Housing and
Community Development Department; Richard Rector, Housing
and Community Development Director; Vallory Kendall,
Housing Assistance Officer, Defendants-Appellees.
 No. 93-6570.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1994.
 
 1
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and JORDAN, District Judge.*
 
 ORDER
 
 2
 Linda Boehler appeals a district court judgment that dismissed her civil rights case filed under 42 U.S.C. Sec. 1983 and certain regulations that were promulgated under Section 8 of the United States Housing Act of 1937, 42 U.S.C. Sec. 1437f. The parties have expressly waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 The defendants refused to issue Boehler a certificate for federally subsidized housing under the Section 8 program solely because her prior landlord, the Campus Manor Apartments, had claimed that Boehler owed it approximately $164. Boehler then filed her civil rights action alleging that the defendants had denied her housing assistance for a reason that was not included in the applicable federal regulation, 24 C.F.R. Sec. 882.210 (1993). She also alleged that the defendants had violated her constitutional right to equal protection by treating her differently than other applicants who owed money to landlords that had not participated in the Section 8 program.
 
 
 4
 The district court dismissed Boehler's complaint on August 24, 1993, ruling that the defendants' refusal to grant her a housing certificate was consistent with a federal regulation which allows a Public Housing Agency ("PHA") to deny participation in the program if an applicant currently owes money to a PHA. 24 C.F.R. Sec. 882.210(b)(1) (1993). In making this ruling, the court found that the Campus Manor Apartments had acted as an agent for another PHA. The court also found that the defendants had not violated the Equal Protection Clause. On November 1, 1993, the district court denied Boehler's timely motion to reconsider this judgment under Fed.R.Civ.P. 59(e). Boehler now appeals the underlying judgment.
 
 
 5
 We construe the district court's ruling as an award of summary judgment because the court considered matters outside the pleadings when it ruled on the defendants' motion to dismiss. See Fed.R.Civ.P. 12(b). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A de novo review of the record indicates that summary judgment was not appropriate on Boehler's claim that the defendants had violated the federal regulatory scheme. Nevertheless, the defendants are entitled to partial summary judgment on her equal protection claim.
 
 
 6
 The defendants based their decision to deny Boehler assistance on the following provision of their HUD approved administrative plan:
 
 
 7
 The family must have paid any outstanding debt owed to the PHA or another PHA on any previous tenancy for Public Housing, Section 8 or other subsidized housing programs. Applicants found to have outstanding debts to this or other PHAs will remain on the waiting list until debt [sic] is paid in full.
 
 
 8
 As written this provision is consistent with the federal regulations. However, as applied in Boehler's case, it is not consistent with the applicable regulations when they are read as a whole.
 
 
 9
 In pertinent part, the regulations provide that assistance may be denied if an applicant:
 
 
 10
 (1) Currently owes rent or other amounts to the PHA or to another PHA in connection with Section 8 or public housing assistance under the 1937 Act.
 
 
 11
 (2) As a previous participant in the Section 8 program or as a participant in the Certificate Program, has not reimbursed the PHA or another PHA for any amounts paid to an owner under a housing assistance contract for rent or other amounts owed by the Family under its lease, or for a vacated unit.
 
 
 12
 24 C.F.R. Sec. 882.210(b)(1)-(2) (1993) (citations omitted).
 
 
 13
 We interpret these regulations in light of their plain meaning. See Baum v. Madigan, 979 F.2d 438, 441 (6th Cir.1992). The terms "PHA" and "owner" are specifically and separately defined in the regulations. 24 C.F.R. Sec. 882.102 (1993). The regulations clearly state that participation may be denied to an applicant who owes money to a PHA. However, they do not provide for denial of participation merely because a private owner/landlord alleges that an applicant owes it money, unless the applicant has failed to reimburse a PHA for amounts that it has paid to the owner because of the alleged debt. Moreover, the regulations should not be interpreted in a way that deprives them of meaning or effectiveness. Under the defendants' agency theory, any debt allegedly owed to a landlord by an applicant under a Section 8 lease would ultimately be owed to a PHA, and participation in the program would be precluded in every case where such a debt is alleged under Sec. 882.210(b)(1). Section 882.210(b)(2) would be meaningless under such an expansive interpretation. Thus, we interpret these sections as precluding participation in a Section 8 program only when the PHA itself is owed money by the applicant, either because of a debt that she owes directly to the PHA or because of money that the PHA has actually reimbursed to a private owner because of an applicant's debt. This interpretation is consistent with the administrative history of the regulations. See 49 Fed.Reg. 12,118 (1984).
 
 
 14
 Finally, we note that the regulations do not indicate that an agency relationship exists between PHAs and private owners. The owners collect rent and damage deposits on their own behalf rather than that of the PHAs, and they are not always reimbursed by the PHAs for money that is allegedly owed to them by Section 8 tenants. For instance, HUD has determined that the Campus Manor Apartments is not entitled to reimbursement for the full amount that it allegedly is owed by Boehler. The defendants may deny Boehler participation in the program under Sec. 882.210(b)(2), if a PHA actually reimburses the apartments for a lesser amount. However, the present record does not indicate that this has occurred. Therefore, the defendants were not entitled to summary judgment on Boehler's claim that they had misapplied Sec. 882.210.
 
 
 15
 Nevertheless, the defendants were entitled to summary judgment insofar as Boehler alleged that they had violated her right to equal protection. Boehler argues that the defendants' interpretation of the regulations violates the Equal Protection Clause because it treats applicants differently if they owe money to landlords who are subsidized by the Section 8 program than if they owe money to other landlords. However, the group disadvantaged by the defendants' policy is not a suspect class, and Boehler does not have a constitutionally protected property interest in participating in the Section 8 program. See Harris v. McRae, 448 U.S. 297, 323 (1980); Lindsey v. Normet, 405 U.S. 56, 74 (1972). Thus, to prevail on her equal protection claim, Boehler must show that the defendants' policy is not rationally related to a legitimate state goal. See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985). Even as applied to Boehler, the defendants' policy would further a legitimate state interest by encouraging applicants to pay debts to former landlords who might otherwise seek reimbursement from a PHA.
 
 
 16
 Accordingly, the district court's judgment is affirmed insofar as it dismissed Boehler's equal protection claim but vacated insofar as it dismissed her claim that Sec. 882.210 had been misapplied, and the case is remanded for further proceedings on that issue.
 
 
 
 *
 The Honorable Leon Jordan, U.S. District Judge for the Eastern District of Tennessee, sitting by designation